THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

___ Priority
___ Send
___ Clsd
_✓_ Enter
_✓_ JS-5/JS-6
___ JS-2/JS-3

FILED
CLERK, U.S. DISTRICT COURT
AUG - 9 2001
CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

ENTERED
CLERK, U.S. DISTRICT COURT
AUG 10 2001
CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAJIMA ENGINEERING AND CONSTRUCTION, INC., a California Corporation,<br><br>Petitioner,<br><br>v.<br><br>KISKA CONSTRUCTION CORPORATION USA, a Delaware Corporation,<br><br>Respondent. | CASE NO. CV 01-4902 NM (RZx)<br><br>ORDER GRANTING RESPONDENT KISKA'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION |

## I. BACKGROUND AND FACTS

In 1994, Kajima Engineering and Construction, Inc. ("Kajima") and KiSKA Construction Corporation USA ("KiSKA") entered into two joint venture agreements, namely, the Park Road agreement and the 14th Street agreement, to construct two subway tunnels for the Washington D.C. Area Metropolitan Transit Authority. Motion to Dismiss ("Mot.") at 2; Opposition to Motion to Dismiss ("Opp."), Exs. 1, 2. In the Park Road agreement, the parties expressly agreed that:

"Any controversy or claim arising out of or relative to this Agreement

_✓_ Docketed
_✓_ Copies / NTC Sent
___ JS - 5 / JS - 6
___ JS - 2 / JS - 3
___ CLSD

or the breach thereof, not adjusted or disposed of by mutual agreement between the parties, shall be settled by arbitration under the rules then obtaining of the American Arbitration Association Construction Industry Rules, and the judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof, and the arbitration decision shall be final and binding on the joint venture and on all Parties. Said arbitration proceedings shall be filed in the California Regional Office of the American Arbitration Association."

Opp., Ex. 1 at 32. The 14th Street agreement contains a substantially similar provision calling for American Arbitration Association ("AAA") arbitration of disputes, but provides for the arbitration to be filed in the New York Regional Office of the AAA. Opp., Ex. 2 at 45. Neither agreement provides for the consolidation of arbitrations pertaining to the agreements.

Since the parties entered into these contracts, disputes have arisen under both agreements. On April 18, 2001, Kajima initiated arbitration proceedings in California as to both joint venture agreements. Opp., Ex. 6. Two days later, KiSKA initiated an arbitration proceeding in New York under the 14th Street Agreement. Opp., Ex. 8. KiSKA subsequently filed an answer and a counterclaim in the California arbitration as to the Park Road agreement only. Opp., Ex. 7. On May 1, 2001, Kajima unsuccessfully sought an order from the AAA to consolidate both arbitrations. Opp., Ex. 9.[1]

On May 4, 2001, Kajima filed a Petition to Consolidate Separate Arbitration

---

[1] The precise disposition of Kajima's AAA motion is disputed, and the parties do not provide the court with a copy of the AAA findings. Kajima contends that the AAA found it lacked jurisdiction to consolidate the two arbitrations and indicated it would defer to the courts on the consolidation issue. Opp. at 7. KiSKA claims that AAA denied the motions and directed that both arbitrations proceed separately. Reply to the Opposition to the Motion to Dismiss ("Reply") at 1; Opposition to Petition to Consolidate at 6. Both parties agree the motion was not granted.

2

Proceedings pursuant to California Code of Civil Procedure section 1281.2 in Los Angeles Superior Court. KiSKA removed the action to this court May 31, 2001 on the basis of diversity. Now before this court is KiSKA's motion to dismiss for lack of personal jurisdiction.

## II. DISCUSSION

### A. Legal Standard

A challenge to the court's exercise of personal jurisdiction over a defendant (here, respondent KiSKA) may proceed by way of a motion to dismiss under FRCP 12(b)(2). The plaintiff or party who invoked the court's jurisdiction (here, petitioner Kajima) bears the burden of establishing the necessary jurisdictional facts. See Schwarzer, Tashima, and Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial § 9:113 [hereinafter "Schwarzer"]; see also Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). Plaintiff must make a prima facie showing of personal jurisdiction by presenting facts which, if true, would establish that jurisdiction is proper. Schwarzer § 9:116-16 (citing, inter alia, Ballard, 65 F.3d at 1498). On a motion to dismiss, doubts must be resolved in plaintiff's favor. See Schwarzer § 9:117.

The starting point in analysis of personal jurisdiction issues in federal cases is the "long-arm" statute in effect in the state in which the court is located. See Schwarzer § 3:34. Because California's long-arm statute permits its courts to exercise jurisdiction "on any basis not inconsistent with the Constitution of this state or the United States," the court need only determine whether its exercise of personal jurisdiction would be consistent with due process. See Cal. Code Civ. Pro. § 410.10; Sinatra v. Nat'l Enquirer, Inc., 854 F.2d 1191, 1194 (9th Cir. 1988). Due process considerations require that "non-resident defendants have certain minimum contacts with the forum state, so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington,

326 U.S. 310, 316 (1945).[2]

Courts may exercise either general or specific jurisdiction over non-resident defendants. See Fields v. Sedgwick Assoc. Risks, Ltd., 796 F.2d 299, 301 (9th Cir. 1986). General jurisdiction enables the court to rule on cases unrelated to the defendant's forum-related activities and is based on the defendant's "substantial" or "continuous and systematic contacts" with the forum state. Id. Specific jurisdiction allows a court to hear a cause of action that arises out of the defendant's activities in or with the forum. The Ninth Circuit has adopted a three-part test for specific jurisdiction: (1) the defendant must complete some transaction in the forum or with an in-state resident, or "perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws"; (2) the claim must arise out of the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. Brainerd v. Governors of the Univ. of Alberta, 873 F.2d 1257, 1259 (9th Cir. 1989). Once the plaintiff has established the first two elements, a rebuttable presumption arises that the exercise of jurisdiction is reasonable, and the burden of proving otherwise rests with the defendant. See Sinatra, 854 F.2d at 1195.

The requirement of personal jurisdiction is for defendant's protection, and therefore the defendant can waive the requirement expressly by consenting to jurisdiction regardless of minimum contacts, or impliedly by failing to timely object to lack of personal jurisdiction. See Schwarzer § 3:65; see also FRCP 12(h)(1). A nonresident who appears in an action without raising lack of personal jurisdiction is deemed to consent to the court's jurisdiction. Trans World Airlines, Inc. v. Mattox, 897 F.2d 773, 786 (5th Cir. 1990). The Federal Rules have abolished the distinction

---

[2] The court must examine the facts of each case to evaluate the nature and extent of a defendant's contacts with the forum state. The defendant's contacts are measured as of the time the claim arose. Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co., 907 F.2d 911, 913 (9th Cir. 1990).

4

between general and special appearances recognized by state courts. Wright v. Yackley, 459 F.2d 287, 291 (9th Cir. 1972); FRCP 12(b). Thus, as long as the defense is timely raised, a defendant may appear in and defend the action without waiving the jurisdictional objections. See Wright, 459 F.2d at 291.

A defendant may also expressly consent to jurisdiction through a contractual forum selection clause. Schwarzer § 3:67 (citing Nat'l Equip. Rental, Ltd. v. Szukhent, 375 U.S. 311, 316 (1964)("Parties to a contract may agree in advance to submit to the jurisdiction of a given court"). In the Ninth Circuit, federal law governs the effect and validity of forum selection clauses. See Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 513 (9th Cir. 1988). A choice of law provision in a contract between the parties is generally not sufficient to subject the parties to personal jurisdiction in the forum whose law is designated. See Gundle Lining Const. Corp. v. Adams County Asphalt, Inc., 85 F.3d 201, 206 (5th Cir. 1996).

## B. Application

KiSKA argues that this court lacks personal jurisdiction over it with respect to any claims brought by Kajima related to the 14th Street agreement.[3] Kajima alleges that KiSKA consented to the exercise of personal jurisdiction over it by appearing, answering, and filing a counterclaim in state arbitration proceedings. Opp. at 10.

The Ninth Circuit has held that a defendant's assertion of a compulsory or permissive counterclaim "does not constitute a waiver of any jurisdictional defense he previously or concurrently asserts." Dragor Shipping Corp. v. Union Tank Car Co., 378 F.2d 241, 244 (9th Cir.1967); see also Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1330 n. 1 (9th Cir. 1984). Rule 12(b) of the Federal Rules of Civil Procedure implicitly authorizes a defendant to join a jurisdictional defense with a counterclaim

---

[3] KiSKA does not argue any defect in personal jurisdiction with respect to Kajima's claims related to the Park Road agreement. See Reply at 1-2.

5

without waiving this defense. Gates Learjet Corp., 743 F.2d at 1330 n.1. Rule 12(b) also permits a defendant to raise jurisdictional defenses by motion or by answer. Id. Moreover, courts have noted that when the rule makers wanted to attach "waiver" consequences in certain situations, they did so explicitly. Id.

Here, KiSKA's counterclaim is limited specifically to the Park Road agreement. See Opp., Ex. 7. Moreover, the counterclaim arose out of the transaction that was part of the subject matter of Kajima's arbitration proceeding, namely, the Park Road agreement. Id. The counterclaim did not require for its adjudication the presence of third parties of whom the court (or AAA) did not acquire jurisdiction, nor was it the subject of a pending action. It was therefore a compulsory counterclaim within the meaning of FRCP 13(a). Furthermore, KiSKA raises the defense of lack of personal and subject matter jurisdiction in relation to claims under the 14th Street agreement several times throughout its answer. Thus, it is clear that KiSKA did not consent to jurisdiction, nor waive the defense of lack of personal jurisdiction by virtue of its counterclaim or answer.

Kajima also argues that by agreeing to arbitrate disputes "arising out of or relative to [the Park Road] agreement," KiSKA consented to the exercise of personal jurisdiction in California as to all claims. Opp at 10-12. However, Kajima provides no controlling authority for the broad proposition that KiSKA's consent to arbitration in California in regard to disputes under the Park Road agreement also functions as consent to jurisdiction over claims arising from the 14th Street Agreement. The 14th Street Agreement specifically provides for arbitration in New York, and neither agreement provides for the consolidation of arbitrations pertaining to the agreements. Therefore, the court finds that KiSKA did <u>not</u> consent to the exercise of personal jurisdiction in California as to claims involving the 14th Street Agreement.

Kajima has not established that absent consent, the court has general or specific personal jurisdiction over KiSKA. As to specific jurisdiction, Kajima has not demonstrated that its claims as to the 14th Street agreement arise out of KiSKA's

6

forum-related activities, or that KiSKA has purposefully availed itself of the privilege of conducting activities in California. Nor has Kajima demonstrated that KiSKA consented to the exercise of personal jurisdiction over disputes arising out of the 14th Street agreement. Regarding general personal jurisdiction, KiSKA has provided evidence establishing the absence of any contacts with California other than contracting with Kajima. See Arkan Decl. at 1-3.[4] Accordingly, the court finds it has no general or specific jurisdiction over KiSKA with regard to the 14th Street claims.

---

[4] KiSKA President Erden Arkan attests that KiSKA is not incorporated in California, is not qualified to do business in California, has no contractor's license from the California Contractor's State License Board, does not conduct business in California, has no subsidiaries incorporated in or qualified to do business in California, has no employees residing in or domiciled in California, has no branch offices, facilities, telephone listings or mailing addresses in California, has no bank accounts or other personal or real property in California, does not direct advertising specifically toward California residents or advertise in publications directed at California residents, and has held no meetings of its board of directors or shareholders in California. Arkan Decl. at 2.

Kajima requests the opportunity to conduct discovery into the extent of KiSKA's contacts with California in order to establish jurisdictional facts. Opp. at 8. The Ninth Circuit has explained that leave to take such discovery is not granted as a matter of course. See Terracom v. Valley Nat'l Bank, 49 F.3d 555, 562 (9th Cir. 1995) ("[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery.") (internal quotations omitted). Given KiSKA President Arkan's sworn declaration specifically denying contacts with California, as well as Kajima's failure to demonstrate how further discovery would allow it to contradict the declaration, the court denies Kajima's request.

It is worth noting that even had the court granted the requested discovery and Kajima established sufficient contacts between KiSKA and California, it appears doubtful the court would grant Kajima's petition to consolidate. The parties clearly agreed to two different arbitration provisions in separate contracts, neither of which provide for consolidated arbitration. Under traditional principles of contract interpretation as well as the Federal Arbitration Act, unambiguous contracts are enforced according to their terms. Hyundai America, Inc. v. Meissner & Wurst GMBH & Co., 26 F. Supp.2d 1217, 1219 (1998). Accordingly, it does not appear the court would ignore the express provisions of arbitration agreements and order a single proceeding, despite the fact that consolidated proceedings might be more economical and convenient. Hyundai America, 26 F. Supp.2d at 1219-20; see also Tracer Research Corp. v. National Environmental Services Co., 42 F.2d 1292, 1294 (9th Cir. 1994) (The Federal Arbitration Act "requires piecemeal resolution when necessary to give effect to an arbitration agreement") (internal quotations omitted).

## III. CONCLUSION

For the reasons set forth above, the court <u>grants</u> KiSKA's motion to dismiss for lack of personal jurisdiction.

IT IS SO ORDERED

DATED: August 9, 2001

*[signature]*

Nora M. Manella
United States District Judge